UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:09-mc-127-P-S |
| | ) | |
| KEITH A. CORRIVEAU, | ) | |
| | ) | |
| Respondent | ) | |

### REPORT AND RECOMMENDED DECISION ON PETITION TO ENFORCE AND MOTION FOR ISSUANCE OF ARREST WARRANT

On June 2, 2009, the government filed a petition, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), to enforce an Internal Revenue Service summons that had been previously served upon respondent Keith A. Corriveau. On June 4, 2009, I ordered Corriveau to appear before the court on July 17, 2009, to show cause why he should not be compelled to comply with the summons. Corriveau was served in-hand on June 17, 2009, with a copy of the order and with notice of the hearing date. Docket No. 3. He failed to appear.

On July 17, 2009, based on Corriveau's non-appearance, the government filed a motion for issuance of an arrest warrant. Docket No. 6. I now recommend that the court grant the government's Petition to Enforce IRS Summons (Docket No. 1) and order Corriveau to appear in response to the IRS's summons as indicated below. I further recommend that the court conditionally grant the government's Motion for Issuance of Arrest Warrant (Docket No. 6), first

giving Corriveau the opportunity to appear and produce the requested records before the IRS agent in South Portland, Maine, on August 28, 2009, at 10 a.m.[1]

## Proposed Findings of Fact

The government's petition is supported by the Declaration of Revenue Officer Erek A. Gaines, which is attached to the Petition as Exhibit B and made under the statutory alternative to the oath. Also attached to the petition as Exhibit A are the associated summons and certificate of service. Based on the prima facie showing set forth in the declaration, I ordered Corriveau to appear before the court on July 17, 2009, to show cause why he should not be compelled to comply with the summons.

On July 17, 2009, I convened the scheduled hearing on the order to show cause. Corriveau did not attend. An affidavit of service reflects that the order to show cause was served on Corriveau in hand on June 17, 2009. Docket No. 3. The government moved that I issue a bench warrant for Corriveau's arrest. I instructed the government to file a written motion. The government did so later that day.

## Discussion

The matter comes before the court pursuant to 26 U.S.C. §§ 7402(b) and 7604, which clearly confer jurisdiction on the district court to enforce an IRS summons by compelling a person to attend, testify, and produce books, papers, and other documents in response to an

---

[1] I have assigned an arbitrary date and time for this meeting. It has been the custom of Magistrate Judge Kravchuk, who usually sits in this court's Bangor location, to proceed in the manner set forth in this recommended decision with respect to show cause hearings in cases in which orders to show cause pertaining to IRS summonses have been ignored. I informed the assistant United States attorney in this case that I intend to proceed in this manner from this point on in such cases filed in the court's Portland location, changing what had been the practice here in order to make the procedure uniform throughout the District of Maine. That assistant United States attorney declined the court's informal request to specify a date and time for this meeting, as is apparently routinely done in the submissions of the United States Attorney's office in Bangor in such cases. I therefore chose a date and time that seemed reasonable.

administrative summons. The only jurisdictional prerequisite is that the person must reside in, or be found in, the district. 26 U.S.C. § 7402(b). Corriveau resides in Lebanon, Maine.

In order to obtain enforcement related to the administrative summons, the government need show only

> That the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed – in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964). Based on the representations set forth in Revenue Officer Gaines's declaration, I concluded that this *prima facie* showing was met by the government in this case and ordered Corriveau to appear and show case why the summons should not be enforced. This was an invitation to Corriveau to demonstrate, for example, that "the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id*. at 58. In other words, the order to show cause effectively shifted the burden to Corriveau, and his failure to respond to the order and his non-appearance at the related hearing result in a failure to carry that burden. *United States v. Kis*, 658 F.2d 526, 538 (7th Cir. 1981).

Based on Corriveau's failure to carry his burden on this court's prior order to show cause, I find that Corriveau has unjustifiably failed to comply with the administrative summons following service of an attested copy in hand, and has neglected or refused to obey the same. *See* 26 U.S.C. § 7604(b). Further, I find, based on the declaration submitted in support of the petition, as well as Corriveau's failure to respond to the order to show cause, that the

administrative summons was issued for legitimate tax assessment purposes under 26 U.S.C. § 7602, that the material sought is relevant and not already in the government's possession, and that there has been compliance with the administrative steps required for issuance of the summons.  The government's *prima facie* burden is meant to be minimal and there is nothing apparent from the record to suggest that any heightened scrutiny is called for in this instance.  *See United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1344-45 (9th Cir. 1983).

Based on these findings, Keith A. Corriveau is presently subject to process by means of physical attachment, or arrest, so that the court may proceed to a compulsory hearing of the petition per section 7604(b).  However, because the government has made its *prima facie* showing in support of its petition and because Corriveau has failed to carry his burden of demonstrating improper purpose, the court may also presently grant the government the relief it requests on its petition and order Corriveau to comply with the summons without further hearing at this juncture.  *See United States v. Snowden*, 2008 WL 2169524 (E.D. Cal. May 23, 2008), at *2, *adopted* 2008 WL 420892 (E.D. Cal. June 18, 2008).  Then, if Corriveau fails to comply with the order enforcing the IRS summons, a warrant may issue for his arrest.

I recommend that course of action.  In the event that an arrest proves necessary, I recommend that after the arrest Corriveau be ordered to show cause if he contests that he is in civil contempt, set a hearing should Corriveau wish to contest the contempt, consider the appointment of counsel under *United States v. Kang*, 468 F.2d 1368, 1369 (9th Cir. 1972), and order Corriveau to be held in coercive confinement until he complies with the summons and the enforcement order.

## Conclusion

I now recommend that the court grant the government's petition and order the respondent, Keith A. Corriveau, to obey the summons and appear at 220 Maine Mall Road, South Portland, Maine 04106, on August 28, 2009, at 10:00 a.m. to be sworn, to give testimony, and to produce the requested documents for examination and copying, the examination to continue from day to day until completed. Corriveau is presently subject to the court's authority to have him arrested and, should he fail to comply in good faith with the court's order of enforcement, a warrant of arrest should issue and I recommend that Corriveau be subject to civil contempt proceedings before the United States District Court judge.[2]  *See United States v. Taylor*, 2007 WL 805662 (D. Ariz. Mar. 13, 2007), at *3.

Service of this report and recommendation shall be made by mailing a certified copy to respondent Keith A. Corriveau at his last known address where he was previously served in hand with the government's petition. If Corriveau fails to appear for the August 28, 2009, meeting in South Portland, the government shall forthwith certify to the court that Corriveau has failed to appear and a warrant should immediately issue for Corriveau to be brought before the United States District Court judge where he shall show cause why he should not be imprisoned for his contemptuous disregard of the IRS summons and this court's orders. Corriveau is hereby placed on notice that his continued actions could result in a finding of civil contempt and a resulting court order of imprisonment in order to obtain his compliance.

---

[2] Such civil contempt authority is beyond the scope of authority granted to a magistrate judge under 28 U.S.C. § 636(e). The approaches taken in *Snowden* and *Taylor* present two valid alternative approaches to handling the matter of the contemptuous failure to comply with court scheduling and enforcement orders. The court could issue the bench warrant subject to conditions (*Snowden*), as is recommended in this decision, or it could afford the respondent one more opportunity to comply before issuing a warrant and convening a civil contempt proceeding (*Taylor*).

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of July, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge